LEONARDO M. RAPADAS
United States Attorney
CRAIG N. MOORE
Assistant U.S. Attorney
District of the Northern
    Mariana Islands
Horiguchi Bldg.; Ste. 300
P.O. Box 500377
Saipan, MP 96950

Tel: (670) 236-2980
Fax: (670) 236-2985

FILED
Clerk
District Court

APR 19 2007

For The Northern Mariana Islands
By_____
    (Deputy Clerk)

UNITED STATES DISTRICT COURT
DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES of AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>SHENG, LIN )<br>)<br>    Defendant )<br>_____ ) | Case No.: CR 07-00004<br><br>**AFFIDAVIT OF DETECTIVE ELIAS Q. SARALU IN SUPPORT OF COMPLAINT AND ARREST WARRANT** |

I, ELIAS Q. SARALU, being duly sworn, depose and say as follows:

1.     I am currently employed as a Police Detective for the Commonwealth of the Northern Mariana Islands (CNMI) Department of Public Safety (DPS). I have been a Police Officer for 10 years, and am currently assigned to the DPS, Criminal Investigation Section-Special Investigation Section (SIS) to investigate any and all criminal violations with special attention to illegal narcotics incidents.

1

2.   Prior to my assignment to the Special Investigation Section, I was assigned to the domestic Violence Task Force. In the course of my career, I have participated in more than 50 criminal investigations and arrested numerous defendants. I have also received specialized training from the DPS Police Academy, the CNMI Criminal Investigations Bureau, the Tactical Response Enforcement Team (TRET), the Federal Bureau of Investigation (FBI), the Multi-jurisdiction Counter Drug Task Force in Carson City, Nevada, and the CNMI Attorney General's Office.

3.   During the course of this investigation, and through personal observation and information received from other law enforcement personnel and a Commonwealth DPS cooperating source, I learned the following information:

4.   On April 13, 2007, I conducted a briefing at the Office of the Drug Enforcement Administration (DEA) in Garapan for a buy-bust operation for SHENG, LIN (SHENG), who had been identified by a cooperating source (CS) as someone who had previously sold drugs, specifically, methamphetamine in a form commonly known ass "ice," to the CS. Members of the DEA and its Task Force, Criminal Investigations Bureau, U.S. Marshals for the Northern Mariana Islands Administration attended this briefing. After the briefing everyone left DEA Office along with the CS to at the Price Costco in San Jose where the proposed transaction with SHENG was going to take place.

5.   Upon the arrival of the surveillance team and the CS at the parking lot of Price Costco, the CS placed a call to a telephone number (234-1577) at a tire shop which SHENG operates and spoke to SHENG about the purchase five (5) grams of methamphetamine ice. This conversation was recorded.

6. SHENG told the CS to give him, SHENG, fifteen minutes and then the CS should call back. About fifteen minutes later, the CS called SHENG again at his tire shop. SHENG told the CS that he, SHENG, had only three (3) grams of methamphetamine ice. The CS and SHENG agreed to a meeting at the Price Costco. The CS then was searched for any drugs or large amount of money with negative results. Detective Peter Camacho then handed the CS one thousand one hundred dollars ($1,100.00) in marked DPS currency for the purchase of the methamphetamine ice from SHENG. The CS was then released to wait for SHENG at the parking lot of Price Costco.

7. The CS, being closely monitored by the surveillance team until the arrival of SHENG, stood on the southern most end of Price Costco parking lot waiting for SHENG. At about 3:03 p.m., a beige sedan bearing license plate number AAW-656 parked in one of the empty parking spaces in the Price Costco lot. The operator of the vehicle was a Chinese male later identified as SHENG. There was a young child in the rear seat of the vehicle. The young child was later identified as SHENG'S son.

8. After SHENG parked the vehicle he was driving, the surveillance team observed the CS walking towards the vehicle. The CS was observed entering the passenger side of the vehicle and talking to SHENG. A few minutes later, the officers on the team that recorded the meeting gave the signal that the sale had been completed and the arrest team should move in. They arrested SHENG. The CS, who was still on the passenger side of the vehicle, handed to me one clear zip lock bag containing a white napkin and, in the napkin, there were three (3) clear zip-lock bags containing crystalline substance. Using the Narcotic Identification Kit (NIK), I later tested the crystalline substance and it came out presumptive positive for crystal

3

methamphetamine, commonly known as ice. I also weighed the three zip lock bags containing the crystalline substance and the weight was four (4) grams.

9. I also interviewed the CS who said that, when he got into the passenger seat, SHENG pulled out a zip lock bag from under the driver seat and handed it to him. The CS then handed SHENG the marked DPS U.S. currency and SHENG put the money in his front left pocket. That was when the CS gave the signal for the arrest teams. The one thousand and one hundred dollars ($1,100.00) of marked DPS currency was found on SHENG'S front left pocket after he was searched.

10. The young child who was also taken for safety later released back to his mother, SHENG'S wife.

11. Based on the above information, I believe there is probable cause for the issuance of arrest warrant for Mr. SHENG, LIN for engaging in the Distribution of a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

_____
DETECTIVE ELIAS Q. SALARU

Sworn to and subscribed before me under the penalties of perjury this _19th_ day April, 2007.

_____
ALEX R. MUNSON
United States District Court Judge